UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X   <u>For Online Publication Only</u>
PEDRO ANTONIO ESPINAL,

                                       Plaintiff,         **<u>ORDER</u>**
                                                                        20-CV-04594 (JMA)

       -against-

COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION,

                                       Defendant.
----------------------------------------------------------------------X

**AZRACK, United States District Judge:**

       Plaintiff Pedro Antonio Espinal ("Plaintiff") seeks review and reversal of the final decision by the Commissioner of Social Security (the "Commissioner"), reached after a hearing before an administrative law judge, denying his application for Social Security Supplemental Security Income benefits ("SSI") under Title XVI of the Social Security Act (the "Act"). Before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (ECF Nos. 20, 22.) For the following reasons, Plaintiff's motion for judgment on the pleadings is GRANTED, the Commissioner's cross-motion is DENIED, and the case is REMANDED for proceedings consistent with this Order.

                                      **I.      BACKGROUND**

      Plaintiff filed his application for SSI benefits on March 13, 2017, alleging a disability onset date of October 14, 2016 due to bulging discs in the back and neck, shoulder surgery to repair tear, depression, anxiety, sleep apnea, and heart failure. (Tr.[1] 10, 227–232, 264.) Following the denial of his application on May 30, 2017, Plaintiff requested a hearing. (Tr. 124–131.) On June 25, 2019, Administrative Law Judge Alan B. Berkowitz (the "ALJ") conducted an administrative

---

[1]     "Tr." refers to the certified administrative transcript. (<u>See</u> ECF No. 19.)

hearing, at which Plaintiff was represented by counsel. (Tr. 10, 34.) An impartial vocational expert also appeared at the hearing. (Id.)

In a decision dated July 29, 2019, the ALJ denied Plaintiff's claim. (Tr. 10–22 (the "Decision").) The ALJ followed the five-step analysis pursuant to 20 C.F.R. §§ 404.1520 and determined that Plaintiff had five severe impairments: degenerative disc disease of the cervical spine and lumbar spine, status post-left labral repair, nonischemic cardiomyopathy, unspecified depressive disorder, and generalized anxiety disorder. (Tr. 12.) However, the ALJ found that none of those impairments, alone or in combination, met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Id.) Next, the ALJ found that Plaintiff has residual functioning capacity ("RFC") to perform sedentary work as defined in 20 CFR 416.967(a), limited to "simple, low stress work (defined as occasional decision-making and occasional changes in the work setting) and no more than occasional interaction with the public." (Tr. 13–14.) The ALJ also determined that Plaintiff could sit for thirty minutes at a time, followed by a two-minute break, and that Plaintiff could occasionally stoop, crouch, crawl, kneel, squat, and climb. (Id.) As a result, the ALJ found that Plaintiff could not perform his past relevant work as a fence installer but, considering his RFC, Plaintiff could perform the occupations of addresser, document preparer, and ticket counter. (Tr. 21–22.) Accordingly, the ALJ concluded that Plaintiff was "not disabled," as defined by the Act, from October 14, 2016 through the date of the Decision. (Tr. 22.)

## II. DISCUSSION

### A. Standard of Review

In reviewing a denial of disability benefits by the Social Security Administration, it is not the function of the Court to review the record de novo, but to determine whether the ALJ's conclusions "are supported by substantial evidence in the record as a whole, or are based on an

erroneous legal standard." Schaal v. Apfel, 134 F.3d 496, 501 (2d Cir. 1998) (quoting Beauvior v. Chater, 104 F.3d 1432, 1433 (2d Cir. 1997)). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Perez v. Chater, 77 F.3d 41, 46 (2d Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). "To determine whether the findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." Snell v. Apfel, 177 F.3d 128, 132 (2d Cir. 1999) (quoting Mongeur v. Heckler, 722 F.2d 1033, 1038 (2d Cir. 1984) (per curiam)). Thus, the Court will not look at the record in "isolation but rather will view it in light of other evidence that detracts from it." State of New York ex rel. Bodnar v. Sec. of Health and Human Servs., 903 F.2d 122, 126 (2d Cir. 1990). An ALJ's decision is sufficient if it is supported by "adequate findings . . . having rational probative force." Veino v. Barnhart, 312 F.3d 578, 586 (2d Cir. 2002).

The Court has the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). See also Shalala v. Schaefer, 509 U.S. 292, 296–97 & n.1 (1993). The "reviewing court will order remand for further proceedings when the Commissioner failed to provide a full and fair hearing, made insufficient findings, or incorrectly applied the applicable laws and regulations." Kessler v. Comm'r of Soc. Sec., No. 17-CV-4264, 2020 WL 1234199, at *5 (E.D.N.Y. Mar. 13, 2020) (citing Rosa v. Callahan, 168 F.3d 72, 82–83 (2d Cir. 1999)).

**B.    Social Security Disability Standard**

Under the Act, "disability" is defined as "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period

3

of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). An individual is disabled when his "physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." Id. § 423(d)(2)(A).

The Commissioner's regulations set out a five-step sequential analysis by which an ALJ determines whether a claimant is disabled. See 20 C.F.R. §§ 404.1520, 416.920. Within this framework, a claimant will be found disabled if the Commissioner determines:

> (1) that the claimant is not working, (2) that he has a "severe impairment," (3) that the impairment is not one [listed in Appendix 1 of the regulations] that conclusively requires a determination of disability, and (4) that the claimant is not capable of continuing in his prior type of work, the Commissioner must find his disabled if (5) there is not another type of work the claimant can do.

Burgess v. Astrue, 537 F.3d 117, 120 (2d Cir. 2008) (quoting Green-Younger v. Barnhart, 335 F.3d 99, 106 (2d Cir. 2003)). At step four, the Commissioner determines the claimant's RFC before deciding if the claimant can continue in his prior type of work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). The claimant bears the burden at the first four steps, but at step five, the Commissioner must demonstrate that "there is work in the national economy that the claimant can do." Poupore v. Astrue, 566 F.3d 303, 306 (2d Cir. 2009) (per curiam).

C.  **Analysis**

Plaintiff argues that the ALJ (1) failed to properly weigh the medical opinion evidence under the "treating physician rule," which resulted in an erroneous RFC determination; and (2) failed to properly evaluate Plaintiff's subjective statements regarding his physical and mental impairments. (Pl.'s Mem.[2] at 17, 31.) Plaintiff contends that the Decision should be reversed

---

[2] "Pl.'s Mem." refers to "Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Judgement on the Pleadings" (ECF No. 21). "Def.'s Mem." refers to "Memorandum of Law in Support of the Defendant's Cross-Motion for Judgment on the Pleadings and in Opposition to Plaintiff's Motion for Judgment on the Pleadings" (ECF

4

solely for a calculation and award of benefits or, alternatively, remanded for a new hearing and decision. (Id. at 35.) In response, the Commissioner asserts that the Decision is supported by substantial evidence, and that the ALJ properly (1) considered the medical opinion evidence and (2) Plaintiff's subjective statements. (Def.'s Mem. at 17, 26.) The Court finds that remand is warranted for the reasons explained below.

### 1. Treating Physician Rule

Because Plaintiff applied for SSI benefits prior to March 27, 2017, his application is subject to the "treating physician rule." 20 C.F.R. § 404.1527(c)(2). Under the treating physician rule, "the opinion of a claimant's treating physician as to the nature and severity of [an] impairment is given 'controlling weight' so long as it 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record.'" Estrella v. Berryhill, 925 F.3d 90, 95 (2d Cir. 2019) (alterations in original) (quoting Burgess, 537 F.3d at 128)). "[I]f the ALJ decides the opinion is not entitled to controlling weight, it must determine how much weight, if any, to give it." Id. In conducting this analysis, the ALJ must "explicitly consider" the following, nonexclusive "Burgess factors": "(1) the frequen[cy], length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the opinion with the remaining medical evidence; and (4) whether the physician is a specialist." Id. at 95–96 (alteration in original) (quoting Selian v. Astrue, 708 F.3d 409, 418 (2d Cir. 2013) (per curiam)). "At both steps, the ALJ must 'give good reasons in [its] notice of determination or decision for the weight [it gives the] treating source's [medical] opinion.'" Id. at 96 (alterations in original) (quoting Halloran v. Barnhart, 362 F.3d 28, 32 (2d Cir. 2004) (per curiam)). Failure to "explicitly" apply the Burgess factors when assigning weight is a

---

No. 23). "Pl.'s Reply" refers to "Reply Memorandum in Further Support of Plaintiff's Motion for Judgment on the Pleadings" (ECF No. 24).

procedural error; however, a reviewing court will affirm the Commissioner's decision when the Commissioner has given "good reasons" for its weight assignment, or when "a searching review of the record" confirms "that the substance of the treating physician rule was not traversed[.]" Id.

    a. Physical Impairments

With respect to his physical impairments, Plaintiff takes issue with the ALJ's decisions (1) to assign "little weight" to the medical opinions of treating physicians Dr. Khan and Dr. Kupersmith, and (2) to assign "significant weight" to the medical opinion of consultative examiner Dr. Basnayake regarding Plaintiff's ability to sit, stand, and walk. (Pl.'s Mem. at 17–28; Tr. 18–20.) Plaintiff argues these purported errors led to an incorrect RFC determination. (Pl.'s Mem. at 25–27.) Because the ALJ failed to explicitly consider each of the Burgess factors in evaluating the opinions of Dr. Khan and Dr. Kupersmith, the Court must conduct a "searching review of the record" to confirm whether ALJ Berkowitz applied the substance of the treating physician rule. See Estrella, 925 F.3d at 96. Upon review, the Court is not satisfied that the ALJ properly weighed the treating physicians' opinions, and thus the ALJ failed to apply the substance of the treating physician rule in determining Plaintiff's RFC.

Here, the ALJ assigned "significant weight" to consultative examiner Dr. Basnayake's medical opinion that, "[d]ue to back pain, neck pain, and left shoulder pain, the claimant has moderate to marked limitation for prolonged sitting, standing, [and] walking," (Tr. 19, 633), while assigning only "little weight" to the medical opinions of Dr. Kupersmith and Dr. Khan, who reached similar conclusions. (Tr. 18–20, 671–76, 896–901.) Dr. Kupersmith concluded based on the medical evidence regarding Plaintiff's cardiac impairment that Plaintiff could sit for one hour and stand/walk for one hour over the course of an eight-hour workday. (Tr. 673.) Dr. Khan opined based on the medical evidence regarding Plaintiff's orthopedic impairment that Plaintiff could sit

6

for one to two hours and stand/walk for one to two hours over the course of an eight-hour workday. (Tr. 899.)

Because the ALJ assigned "little weight" to the opinions of Dr. Kupersmith and Dr. Khan regarding Plaintiff's ability to sit, stand, and walk, and "significant weight" to Dr. Basnayake's opinion on the same subject, it appears that the RFC determination regarding Plaintiff's ability to sit, stand, and walk rests on Dr. Basnayake's opinion. However, for the ALJ to properly determine that Plaintiff's RFC permits him to perform sedentary work, the ALJ was required to review evidence demonstrating that Plaintiff can, among other things, "sit for six hours of an eight hour workday[.]" Spain v. Comm'r of Soc. Sec., No. 20-CV-4837, 2021 WL 6808295, at *18 (S.D.N.Y. Dec. 28, 2021) (quoting Woodford v. Apfel, 93 F. Supp. 2d 521, 529 (S.D.N.Y. 2000) (citing 20 C.F.R. § 404.1567)), report and recommendation adopted, 2022 WL 123619 (S.D.N.Y. Jan. 13, 2022). See also SSR 83-10, 1983 WL 31251, at *6 (1983) (explaining that, at the "sedentary" level of exertion, "sitting should generally total approximately 6 hours of an 8-hour workday.").

As discussed above, Dr. Basnayake opined that Plaintiff's ability to sit was "moderate[ly] to marked[ly]" impaired. (Tr. 633.) However, courts have held that "[a] moderate to marked impairment is not consistent with an ability to sit for six hours," even where, as here, the ALJ incorporates breaks between sitting and standing. Ramos v. Comm'r of Soc. Sec., No. 17-CV-4632, 2019 WL 4602826, at *3 (E.D.N.Y. Sept. 23, 2019) (consultative examiner's finding of "moderate to marked" impairment in sitting, despite provision of five-minute break per hour in RFC determination, was "not consistent with even the lower end of a moderate impairment" and "clearly not consistent with a marked impairment"). See also Nieto v. Comm'r of Soc. Sec., No. 20-CV-3138, 2021 WL 1784317, at *1 (E.D.N.Y. May 5, 2021) (medical opinions that plaintiff could sit for at most three to four hours meant that "plaintiff cannot do sedentary work"); Wendy H. v. Comm'r of Soc. Sec., No. 19-CV-744, 2020 WL 2559915, at *7 (N.D.N.Y. May 20, 2020)

7

(finding ALJ's RFC determination unsupported where "the ALJ concluded that plaintiff could perform sedentary work even though the medical report to which the ALJ assigned 'significant weight,' opined that plaintiff had a 'marked' restriction for walking, sitting, and standing long periods, bending, stair climbing, lifting and carrying").

Because "the ability to sit for six hours is crucial to the finding the Plaintiff is capable of engaging in sedentary work," Ramos, 2019 WL 4602826, at *4, and because Dr. Basnayake's opinion that Plaintiff's ability to sit is "moderate[ly] to marked[ly]" impaired is "not consistent with an ability to sit for six hours," id. at *3, Dr. Basnayake's opinion does not support the conclusion that Plaintiff can perform sedentary work. Nor does it provide "good reason" to depart from the opinions of Dr. Kupersmith and Dr. Khan regarding Plaintiff's ability to sit and stand. See Estrella, 925 F.3d at 96. This error warrants remand.

On remand, the ALJ should explicitly apply the Burgess factors in evaluating the opinions of Plaintiff's treating physicians, Dr. Khan and Dr. Kupersmith.

    b. <u>Mental Impairments</u>

As to his mental impairments, Plaintiff argues that the ALJ erred by assigning "little weight" to the opinion of treating psychiatrist Dr. Chuang, while assigning "some weight" to the opinions of consultative examiner Dr. Herman and the state agency medical consultant. (Pl.'s Mem. at 28–31; Tr. 20–21.) The Court finds that remand is warranted because the ALJ did not properly apply the treating physician rule.

Dr. Chuang, who has been treating Plaintiff since at least August 2013, completed a psychiatric/psychological impairment questionnaire in which he opined that Plaintiff suffers from "severe" major depressive disorder and generalized anxiety disorder; often experiences shortness of breath and chest pains related to his anxiety; and has "marked" limitations in, among other areas, interacting appropriately with the public and completing a workday without interruptions from

8

psychological symptoms. (Tr. 678–83.) The ALJ assigned only "little weight" to this opinion, and apparently failed to consider relevant Burgess factors—the nature of Dr. Chuang's specialty, and the length, nature and extent of his treatment relationship with Plaintiff—that, under the applicable regulations, he was required to consider in weighing the opinion of a treating physician. "[T]he ALJ's failure to give express consideration to such factors before discounting Dr. [Chuang's] opinion is itself ground for remand." Ben v. Berryhill, No. 17-CV-08345, 2019 WL 1447892, at *12 (S.D.N.Y. Mar. 19, 2019) (remanding for further proceedings where ALJ failed to consider Burgess factors in weighing treating physician's opinion regarding mental impairment).

Instead, the ALJ assigned "some weight" to the opinions of consultative examiner Dr. Herman and the state agency medical consultant. (Tr. 20–21.) Notably, the ALJ credited Dr. Herman's assessment—that there was no evidence of limitation in Plaintiff's ability to understand, use reason and judgment, and interact adequately, among other areas—over Dr. Chuang's. This was error. As the Second Circuit has explained, "doctors who have not treated or examined a patient are generally entitled to less deference." Flynn v. Comm'r of Soc. Sec. Admin., 729 F. App'x 119, 122 (2d Cir. 2018).

In this case, Dr. Chuang has treated Plaintiff the longest, "putting [Dr. Chuang] in the best position to properly weigh the normal examinations against the [abnormal] ones[.]" White v. Comm'r of Soc. Sec., No. 18-CV-2707, 2019 WL 6050305, at *2 (E.D.N.Y. Nov. 15, 2019). Because "[m]ental impairments are difficult to assess without repeated sessions that provide a full-picture of one's psychiatric limitations," inconsistencies between Dr. Chuang and Dr. Herman "should generally be weighed in favor of" Dr. Chuang. Id. See also Cabreja v. Colvin, No. 14-CV-4658, 2015 WL 6503824, at *30 (S.D.N.Y. Oct. 27, 2015) ("[I]t is presumed that in a conflict of views between a treating doctor and a onetime consultant, the conflict should be resolved in favor of the treating physician."). Especially where it appears that Dr. Herman did not review Dr.

9

Chuang's reports, Dr. Herman "did not make any findings after one examination of [Plaintiff] that this Court finds 'overwhelmingly compelling' to overcome Dr. [Chuang's] opinion." White, 2019 WL 6050305, at *2.

On remand, the ALJ should evaluate the medical opinions regarding Plaintiff's mental impairments in accordance with the treating physician rule and applicable regulations. Should the ALJ again decline to give controlling weight to Dr. Chuang's opinion, the ALJ must give "good reasons" for not doing so.[3]

### 2. Plaintiff's Subjective Complaints

Plaintiff also argues that "[t]he ALJ's evaluation of [his] subjective statements is not supported by substantial evidence." (Pl.'s Mem. at 33.) As the Court is remanding the case due to the issues discussed above, it need not address this argument. However, the Court directs the ALJ, when discussing Plaintiff's credibility on remand, to: (1) specifically address all the relevant factors in 20 C.F.R. § 404.1529(c)(3); and (2) make more detailed findings concerning Plaintiff's credibility and Plaintiff's statements about the intensity, persistence, and limiting effects of his symptoms, both physical and psychological. See Valet v. Astrue, No. 10-CV-3282, 2012 WL 194970, at *22 (E.D.N.Y. Jan. 23, 2012) (remanding where ALJ "failed to address all of the factors" in 20 C.F.R. § 404.1529(c)(3)).

Finally, the Court denies Plaintiff's request to remand solely for a calculation and award of benefits. (Pl.'s Mem. at 35.) Here, the record does not lead to the definitive conclusion that

---

[3] The ALJ's assessment of Dr. Chuang's opinion appears to turn in part on his finding "that on the check-box portion of the statement, Dr. Chuang checked off clinical signs that are not reported in his treatment notes—such as panic attacks, memory deficits, disorientation, and persistent, irrational fears." (Tr. 20.) However, it appears that a large portion of treatment notes may be missing from the record. An August 28, 2017 letter from New Horizon Counseling Center states that Plaintiff "has been receiving psychotherapy and psychopharmacology" at the Center "since 2/12/16 and has been attending consistently," with biweekly psychotherapy sessions and monthly psychiatrist appointments documented through August 2017. (Tr. 645.) However, as the ALJ acknowledged, "[t]here are no office visit notes from Dr. Chuang in evidence between April 2017 and February 2019." (Tr. 17.) On remand, the ALJ should address this apparent gap in the record by obtaining and reviewing any missing office visit notes from Dr. Chuang, should they exist.

Plaintiff is disabled. See Williams v. Apfel, 204 F.3d 48, 50 (2d Cir. 2000) (directing remand for further proceedings where the record was not sufficiently complete or persuasive with respect to the plaintiff's disability). Instead, the Court remands for further consideration consistent with this Order.

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion for judgment on the pleadings; DENIES the Commissioner's cross-motion; and REMANDS the case for further proceedings consistent with this Order.

**SO ORDERED.**

Dated: September 23, 2022
Central Islip, New York

/s/ (JMA)
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE